UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEMETRIUS MAURICE CLAYTON,                                              Plaintiff,

v.                                                                Civil Action No. 3:16-cv-P509-DJH

CPL. CHARLES M. TEMPLEMAN *et al*.,                                     Defendants.

* * * * *

## **MEMORANDUM OPINION**

Plaintiff filed a *pro se* action pursuant to 42 U.S.C. §1983 (DN 1).  Plaintiff did not pay the filing fee for this action, but instead filed a prisoner application to proceed without prepayment of fees (DN 3).  However, Plaintiff failed to file his prison trust account statement along with his prisoner application to proceed without prepayment of fees as required by 28 U.S.C. § 1915(a)(2).  Therefore, the Clerk of Court sent Plaintiff a Notice of Deficiency (DN 4).  The Notice of Deficiency was returned to the Court marked "Return To Sender, Attempted-Not Known, Unable To Forward" (DN 5).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims.  *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").  Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to provide an updated address to the Court and a notice sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e) and has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: September 14, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.003

2